FILED

JAN 2 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, | CASE NO. 2:18-cv-02042-JAM-CKD |
| Plaintiff, | [PROPOSED] ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT |
| vs. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | Date: December 10, 2019<br>Time: 1:30 p.m.<br>Location: Courtroom 6, 14th Floor |
| Defendant. | |

Plaintiff San Joaquin County Employees Retirement Association ("SJCERA") filed a motion for partial summary judgment on October 25, 2019 on the issue of whether Travelers Casualty and Surety Company of America ("Travelers") had a duty to defend SJCERA in an underlying lawsuit entitled *Allum v. San Joaquin County Employees' Retirement Association*[1] under the terms of an insurance policy issued by Travelers. Travelers filed a motion for summary judgment on November 8, 2019 as to

[1] San Joaquin County Superior Court case no. STK-CV-UBC-2017-10696.

1

1 | all of SJCERA's claims for relief in this action, including breach of contract, declaratory relief, and
2 | breach of the implied covenant of good faith and fair dealing, and as to SJCERA's claim for punitive
4 | damages.

5 | On December 10, 2019, the Court held oral argument on the above-referenced cross-motions of
6 | SJCERA and Travelers. Present for San Joaquin was its counsel James H. Vorhis and Ashley K.
7 | Dunning of Nossaman LLP and present for Travelers was its counsel Nicholas J. Boos of Maynard
8 | Cooper & Gale, LLP.

9 | After considering all of the moving, opposition, and reply papers in connection with the above-
10 | referenced cross-motions, the documents, exhibits, and evidence filed and lodged in connection with
11 | those motions, and oral argument of counsel at the hearing:

12 | IT IS HEREBY ORDERED that, for the reasons set forth in this Court's December 10, 2019 oral
13 | decision, a copy of which is attached to this order as Exhibit 1, Travelers' motion for summary judgment
14 | is GRANTED in its entirety and SJCERA's motion for partial summary judgment is DENIED.

15 | IT IS SO ORDERED.

18 | DATED: January 22, 2020

HON. JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

2
[PROPOSED] ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND
PARTIAL SUMMARY JUDGMENT
57309760.v1

# EXHIBIT 1

1                UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF CALIFORNIA

2                         --oOo--

3

SAN JOAQUIN COUNTY       ) Docket No. 18-CV-2042

4  EMPLOYEES' RETIREMENT     )
   ASSOCIATION,            )

5                      ) Sacramento, California
           Plaintiff,   ) December 10, 2019

6                    ) 1:55 p.m.
      v.               )

7                    )
   TRAVELERS CASUALTY AND   ) Re: cross-motions for summary

8  SURETY COMPANY OF AMERICA, ) judgment
                    )

9         Defendant.   )

10

               TRANSCRIPT OF PROCEEDINGS

11       BEFORE THE HONORABLE JOHN A. MENDEZ
            UNITED STATES DISTRICT JUDGE

12

APPEARANCES:

13

For the Plaintiff:     NASSAMAN, LLP by

14                  MS. ASHLEY K. DUNNING
                  50 California Street, 34th Floor

15                  San Francisco, CA 94111

16  For the Defendant:     MAYNARD COOPER & GALE, LLP by
                  MR. NICHOLAS J. BOOS

17                  600 Montgomery Street, Suite 2600
                  San Francisco, CA 94111

18

19  Also present:        JOHANNA SHICK
                  JASON MORRISH

20

          JENNIFER COULTHARD, RMR, CRR

21          Official Court Reporter
          501 I Street, Suite 4-200

22          Sacramento, CA 95814
          jenrmrcrr2@gmail.com

23           (312)617-9858

24   Mechanical steno - computer-aided transcription

25

1    SACRAMENTO, CALIFORNIA, TUESDAY, DECEMBER 10, 2019

2    --o0o--

3    (In open court.)

4    THE CLERK: Calling civil 18-2042, San Joaquin County

5    Employees' Retirement Association v. Travelers Casualty and

6    Surety Company of America.

7    MS. VORHIS: Good afternoon, Your Honor; Jim Vorhis

8    and Ashley Dunning on behalf of the plaintiffs, San Joaquin

9    County Employees Retirement Association, which we'll call

10   SJCERA throughout for the sake of ease.

11   THE COURT: And I'll call you San Joaquin.

12   MS. VORHIS: Or we'll call it San Joaquin.

13   We also have in the audience Johanna Shick from SJCERA

14   and Jason Morrish from the County of San Joaquin.

15   THE COURT: Okay.

16   MR. BOOS: Good afternoon, Your Honor; Nicholas Boos

17   on behalf of defendant Travelers.

18   THE COURT: Okay. This is on before the Court on

19   cross-motions. The plaintiff brought a motion for partial

20   summary judgment just on the duty-to-defend issue.

21   The defendants have challenged all claims, including

22   the duty-to-defend issue, declaratory relief, the implied

23   covenant of good faith and fair dealing and punitive damages.

24   This involves a claim by the County arguing that

25   Travelers was required to or had a duty to defend the county.

1    They failed to do that in what is referred to throughout the

2    papers as the underlying action.  That was an action filed in

3    2017.  I just want to get the date right.  It's also referred

4    to as the Allum, A-L-L-U-M, litigation.  We'll probably refer

5    to it throughout as the underlying litigation.

6         In terms of the history of this case, back in 2006 at

7    San Joaquin County the retirement association purchased

8    fiduciary liability insurance from Travelers.  The policy was

9    meant to provide defense an indemnity protection to the county

10   for claims alleging breach of fiduciary duty or negligence,

11   error or omission.  It was purchased to cover the period from

12   August 2016 to August 2017.

13        Travelers does not dispute that the policy included a

14   clause requiring them -- not requiring -- it to defend covered

15   claims.

16        Central to this dispute, just focusing on the duty to

17   defend the breach of contract claim, central to this is whether

18   there are exclusions to that policy that permitted Travelers

19   not to honor its duty to defend; two, in particular, referred

20   to by the parties as a prior or pending litigation exclusion

21   and then what's referred to in the papers as an inadequate

22   funding exclusion.

23        Again, the underlying action, the Allum litigation,

24   was filed against the County in 2017.  The lawsuit, the 2017 --

25   the underlying lawsuit stems from a settlement agreement that

1    was entered into back in 2001. It resolved a lawsuit that had
2    been filed in 1998 by a class of San Joaquin County employees
3    against the retirement association. In that 1998 litigation,
4    the plaintiffs sought to recover enhanced retirement benefits
5    that they believed were owed as a result of incorrect
6    calculations.

7            In order to resolve the 1998 litigation, a settlement
8    agreement was entered into, and it's that settlement agreement
9    that's at the heart of this issue before this Court.

10           In that 2001 settlement agreement, which resolved the
11   1998 litigation, the retirement association was required to
12   agree to give supplemental benefits to the members that had
13   sued them that had retired between April 1st, 1982 and 2001,
14   also referred to throughout the briefs as the post-'82
15   retirees. And so the retirement association, the County, was
16   required to create and fund a settlement reserve account in
17   order to fund the supplemental benefits.

18           So now we fast forward to 2017 and these post-'82
19   retirees file another lawsuit against the County Retirement
20   Association alleging breach of fiduciary duty by failing to pay
21   them the supplemental benefits that were promised and required
22   under the 2001 settlement agreement.

23           There are also allegations that the settlement reserve
24   was misapplied, the funds weren't properly applied. There's
25   that issue of whether the allegations really are that there was

1   underfunding or not, I'll get into that, but there are
2   allegations included in the underlying litigation concerning
3   the misuse or the improper allocation of funds.

4          Travelers -- the defense was tendered when the
5   retirement association was sued. Defense was tendered to
6   Travelers, Travelers declined coverage and contended that the
7   prior or pending exclusion applied. Travelers also alleged
8   that the inadequate funding exclusion applied as well.

9          There was a request for judicial notice, oral request
10  for judicial notice. The Court has granted those requests.
11  Obviously I had to take a look at the pertinent documents in
12  this case, including the '98 lawsuit, the settlement agreement
13  and the underlying litigation; although, for purposes of the
14  request for judicial notice, the Court would not take it as
15  true and wouldn't consider the allegations themselves, but I
16  needed to look at these documents. And the parties obviously
17  needed to make reference to them to see what exactly was
18  alleged in these documents and what was included in the
19  settlement agreement.

20         This is a classic case ripe for summary judgment. It
21  really doesn't involve material issues of fact. It's really
22  presented to the Court and the parties are asking the Court to
23  interpret the insurance policy at issue. It's well established
24  under California law that whenever a suit against an insured
25  alleges a claim that could subject the insurer to liability for

1 covered damages, an insurer must defend unless and until the
2 insurer can demonstrate by reference to undisputed facts that
3 the claim cannot be covered.

4 The insurer can, therefore, establish the absence of a
5 duty to defend when it shows that the underlying claim could
6 not come within the policy coverage by virtue of the scope of
7 the insuring clause or the breadth of an exclusion.

8 While clauses identifying coverage are interpreted
9 broadly in favor of the insured, exclusionary clauses are
10 interpreted narrowly against the insurer.

11 The burden rests upon the insurer to phrase exclusions
12 in clear and unmistakable language. The exclusionary clause
13 must, therefore, be conspicuous, plain and clear. This
14 requirement is especially forceful when the coverage portion of
15 the insurance policy would lead an insurer to reasonably expect
16 coverage for the claim purportedly excluded.

17 The burden is on the insured to establish that the
18 claim is within the basic coverage and on the insurer to
19 establish that the claim is specifically excluded.

20 In order to ascertain the scope of an exclusion, the
21 Court is required to first consider the coverage language of
22 the policy. The relevant coverage provisions in this policy
23 stated that Travelers will pay on behalf of the insured loss
24 for any claim first made during the policy period or if
25 exercised during the extended reporting period or runoff

1    extended reporting period for a wrongful act.

2            The term "loss" is defined, the term "wrongful act" is

3    defined in the policy.

4            The language in the policy itself establishes a

5    reasonable expectation that the insured, in this case the

6    retirement association, will have coverage for any litigation

7    defense expenses associated with a breach of contractual duty,

8    and coverage will be found unless in this case the Court finds

9    that the inadequate funding exclusion or the prior opinion

10   exclusion conspicuously, plainly and clearly deprives the

11   insured of certain litigation defense expenses, such as not

12   adequately funding the settlement mandated reserve, will not be

13   covered.

14          So you turn to the language of taking up first the

15   prior impending litigation exclusion, and that exclusion states

16   as follows, quote, "The company," meaning Travelers in this

17   case, "will not be liable for loss for any claim based upon or

18   arising out of any fact, circumstance, situation, event or

19   wrongful act underlying or alleged in any prior or pending

20   civil proceeding against any insured as of a certain date.  In

21   this case the parties agree that date is August 31st, 2005.

22          Travelers has argued in its motion that the plain

23   language of this exclusion and controlling authorities make

24   clear that it applies to bar coverage for the underlying

25   litigation, the 2017 litigation.

1            The County has argued that this exclusion cannot bar

2   coverage because the underlying action, the 2017 lawsuit, is

3   not based upon or arising out of any fact, circumstance,

4   situation, event or wrongful act alleged in the 1998

5   litigation.

6            Central to this dispute before this Court today is the

7   interpretation of the phrase "arising out of." That's usually

8   typical in most of these insurance policy interpretation cases.

9   The County has argued that this phrase "arising out of" should

10   be construed narrowly when included within an exclusion. The

11   County cites Charles E. Thomas Company versus Travelers America

12   Insurance Group in support of that argument.

13            Travelers argues, on the other hand, that the broad

14   interpretation of the "arising out of" term applies to both

15   coverage provisions and exclusions.

16            Travelers cites a string of cases including, in

17   particular, *Trenches, Inc. v. Hanover Insurance Company*, a

18   Ninth Circuit case which states that in California "arising out

19   of" is construed broadly even if in an exclusion.

20            In looking at these cases and applying the cases to

21   this situation, this Court has found the cases cite by

22   Travelers to be more instructive and the Court has interpreted

23   the phrase "arising out of" a little more broadly and to mean

24   originating from, flowing from, incident to or having a

25   connection with.

1        Our next area of disagreement is how extensively the

2    relevant facts must overlap for an underlying action to, quote,

3    arise out of, closed quote, the 1998 litigation.

4        Again, the County Retirement Association argues that

5    both the 1998 complaint and the 2017 complaint must

6    substantially overlap with each other with regard to the

7    relevant facts for the exclusion to apply.

8        Travelers argues that the case relied on by their

9    retirement association is, in part, based on a First Circuit

10   case, which carries no weight or applicability in this court.

11       And they also argue that the California courts only

12   require a slight connection or incidental relationship between

13   the two lawsuits relying on a case Southgate Recreation Park

14   District v. California Association Park and Recreation

15   Insurance.

16       Again, the Court finds Travelers' argument to be more

17   persuasive and has analyzed the arguments in light of the

18   broader definition, which leads to ultimately the Court's view

19   that as Travelers has argued primarily in its reply that it's

20   undeniable that the underlying action, the 2017 lawsuit, grew

21   out of and has at least a slight connection with the

22   allegations in the 1998 action.

23       It seems clear to me it doesn't in any way that's not

24   ambiguous, it's not difficult to read that exclusion and

25   recognize that under the undisputed facts of this case there

1   was a lawsuit filed in 1998. That lawsuit is settled only

2   because there's a settlement agreement that was completed in

3   2001, and the underlying litigation in 2017 arises directly out

4   of that 2001 settlement agreement. The 2001 settlement

5   agreement doesn't exist unless there's a 1998 lawsuit and it

6   just flows. These three documents just flow.

7           And I'm going to use Travelers arguments here because

8   I adopt them and found them to be -- I just agreed with the

9   arguments completely. Again, quoting from Travelers reply

10  brief, the Court adopts these arguments. "There can be no

11  question that the underlying action where the plaintiffs allege

12  that SJCERA wrongfully stopped paying them benefits agreed to

13  in the 2001 settlement agreement that resolved the 1998 action

14  has at least a slight connection to or incidental relationship

15  with the allegation of the 1998 action.

16          SJCERA makes a series of futile arguments trying to

17  remove the '98 action from the scope of the prior opinion

18  exclusion that attempts to distance the action by

19  characterizing it as involving allegations that SJCERA breached

20  its fiduciary duty and violated contractual obligations by

21  making certain decisions relating to its allocation of money to

22  SJCERA reserves that plaintiffs thought were dictated to occur

23  in a different manner under the 2001 settlement agreement,

24  which led to a suspension of the benefit agreed to in the 2001

25  settlement agreement.

1               That characterization does not change the reality that

2   the plaintiffs in the underlying action sued SJCERA for not

3   paying the supplemental benefit agreed to in order to resolve

4   the allegations in the 1998 action.

5               Though the County argues that the supplemental benefit

6   established under the 2001 settlement agreement was a new

7   benefit, that is irrelevant as Travelers has argued.  The prior

8   or pending exclusion includes coverage for any claim, quote,

9   based upon or arising out of any fact, circumstance, situation,

10   event, or wrongful act underlying or alleged in any prior or

11   pending civil proceeding against any insured as of or prior to

12   August 31st, 2001.

13               And "arising out" of requires only a slight connection

14   or incidental relationship.  There is no requirement that the

15   parties and the harm be the same in the two actions.

16               Application of the exclusion does not depend on

17   whether the supplemental benefit should be characterized as

18   new.  The supplemental benefit was established in the 2001

19   settlement agreement that resolved the 1998 action which

20   alleged that SJCERA incorrectly determined compensation for San

21   Joaquin County employees.

22               The County has argued that the prior or pending

23   exclusion should not apply because some prior policies issued

24   by Travelers included a prior or pending exclusion as well as

25   an exclusion for a specific type of benefit created by the 2001

1    settlement agreement. That argument the Court -- as Travelers
2    argues goes nowhere because aside from the fact that it's not
3    based on the language of the policy at issue in this
4    litigation, overlapping exclusions do not render either
5    exclusion ambiguous or unenforceable.
6        And as Travelers points out, the County did not
7    attempt to respond to Traveler's discussion of *Garamendi* for
8    that point.
9        The County has complained that the prior or pending
10   exclusion is broad but the breath of the exclusion does not
11   render it unenforceable.
12       The California Supreme Court has recognized that a
13   word with a broad meaning or multiple meanings may be used in
14   an insurance policy for that very reason, its breath to achieve
15   a broad purpose.
16       And there's also no merit to the County's argument
17   that applying the prior or pending exclusion would render the
18   policy illusory.
19       As explained in Traveler's opening brief, an agreement
20   is illusory and there is no valid contract when one of the
21   parties assumes no obligation.
22       Applying the prior or pending exclusion does not
23   render the policy illusory because it only removes coverage for
24   one type of claim. The exclusion does not apply to litigation
25   that was not pending prior to August 31st, 2005, or to claims

1    that should not fall within the scope of the exclusion.

2    There is, the Court finds without question, more than

3    a slight connection or incidental relationship between the 1998

4    plaintiffs' allegations that the County Retirement Association

5    incorrectly determined their compensation earnable and the

6    allegations in the underlying action that the County Retirement

7    Association wrongfully stopped paying the supplemental benefit

8    established to resolve the 1998 action. The allegations of the

9    1998 action led to the settlement that created the post-'82

10   group, the supplemental benefit, and the directives as to how

11   to fund it, which are directly at issue in the underlying

12   action due to the County Retirement Association suspension of

13   payments of the benefit.

14   The bottom line is just I don't see any basis for not

15   finding that these lawsuits are related, such that the

16   exclusion applies. And I do find that Travelers didn't have a

17   duty to defend -- did not have a duty to defend under that

18   exclusion.

19   Although I am not required to address the other

20   argument, the inadequate funding exclusion, I do want to

21   indicate to the parties that for purposes of completeness, I

22   did not find and do not find that that exclusion actually was

23   applicable. So I would not grant summary judgment on the basis

24   that the duty to defend was also excluded under the inadequate

25   funding exclusion.

1    In part, it's due to the allegations in the underlying

2    litigation, the 2017 litigation, that as the County Retirement

3    Association has argued it's not so much an allegation that

4    there was inadequate funding. It's really allegations, if you

5    read through that 2017 complaint, allegations that the money

6    was mismanaged. In fact, there are allegations in the

7    complaint itself that there was sufficient funding. Paragraph

8    22, the allegation is, in fact, there were funds available or

9    there would have been funds available had defendants not

10   illicitly redirected retirement funds or failed to allocate

11   funds according to the requirements of law in the defendant's

12   contract with class members.

13   Defendant goes on in the same paragraph defendants had

14   simply mismanaged and misallocated money the defendants owed to

15   the plaintiff class. Paragraph 23. In fact, there were funds

16   available or there would have been funds available had

17   defendants not illicitly redirected retirement funds. And

18   there are other allegations throughout, so I would not find

19   that this exclusion plainly and clearly precluded coverage for

20   inadequate funding, given these allegations in the underlying

21   litigation.

22   So for those reasons, again, I would grant defendant's

23   motion for summary judgment on the breach of contract or the

24   duty to defend claim and deny plaintiff's motion for summary

25   judgment on that claim.

1             I'll get to the other claims, but I want to give the

2    parties an opportunity just to comment and complete the record,

3    make a record on the Court's decision with respect to that

4    first claim.

5             Mr. Vorhis, anything you want to add?

6             MS. VORHIS: Yes. Absolutely, Your Honor. Thank you.

7             I wanted to clarify one point about the 1998

8    litigation that you mentioned about the recovery of enhanced

9    retirement benefits and that being the subject matter of that

10    1998 litigation, and that's not accurate. The 1998 litigation

11    was simply about asking the Court to determine what pay types

12    should be included in the statutory benefit formula. It was

13    not about the recovery of an enhanced benefit.

14             And I think this is important because when you

15    actually get to the 2001 settlement agreement, recognize that

16    it covers all retirees, past, present, future, and that there

17    are provisions within that settlement agreement that apply both

18    to this post-'82 group but also to active members of the County

19    of San Joaquin and future members.

20             And that's important because we've been focused on

21    paragraph 20 of that settlement agreement, and Travelers has

22    made some implied decisions about exactly what that applies to

23    in the context of the 1998 complaint. But right above it in

24    paragraph 19 they go on to provide a formula for benefits that

25    will be paid to active and future members.

1    Now, what's really problematic about the scope of
2  potentially denying this decision on the prior impending
3  litigation exclusion is that it then would also implicate any
4  benefits-related litigation addressing active members, future
5  members. So as of 2001, if someone were to join the retired --
6  were to join the County of San Joaquin in 2004 and retire in
7  2008 and then had a problem with their benefits, under
8  Travelers' interpretation of this prior impending litigation
9  exclusion, that would be barred, and that is why we've made the
10  argument about the illusory coverage but also the importance of
11  the overlapping exclusions.

12    Obviously this supplemental sick bank exclusion that
13  was included in the first seven years of Travelers coverage for
14  SJCERA was expressly called out and he -- Mr. Boos and
15  Travelers cited to *Garamendi*.

16    The important point, from our perspective, is the
17  reasonable expectation of San Joaquin where they have one
18  benefit created by a 2001 settlement agreement that is
19  expressly excluded and another that's not listed at all where
20  the application of this exclusion then bars essentially all
21  benefits related to litigation because the 1998 litigation was
22  to calculate pay types that are to be included in the
23  retirement formula for all members. It's not just this one
24  subgroup.

25    I would also point out that the 2001 settlement

1   agreement in paragraph 20, it does mention that it was to
2   resolve the matter, but it doesn't tie that out to anything in
3   particular from the 1998 litigation.  It doesn't say:  This is
4   because of retroactive benefits to be paid for a particular
5   subgroup of retirees.  And that's important because there are
6   retirees that are members of the post-'82 group that were not
7   entitled to any benefits in 1998.  They had no cause of action
8   in 1998 whatsoever.  A supplemental benefit was created in 2001
9   anew.  So can claims raised by someone who had no actual claim
10  in 1998 be barred?  And I understand Your Honor's point about
11  the phrase "arising out of" being broad.  We cited to *Charles*
12  *Thomas*, which was not in the context of a prior impending
13  litigation exclusion.

14          I would point to a different case that was cited by
15  Travelers, and that's the *Medill* case, *Medill*.  And there's
16  some language there that I think is really important and that
17  says -- if I can find it -- the provision will shift between
18  clarity and ambiguity with changes in the event at hand.  Under
19  the circumstances here we do not find the breach of the
20  contract exclusionary language to be ambiguous.

21          The important point is that the clarity or ambiguity
22  of a particular term will depend on precisely what type of
23  exclusion it's in.  "Arising out of" may be a very broad
24  statement, but if you actually look at the cases that both
25  parties cited, which would include *ML Direct* and *Bensalem* and

1    *Catlin Specialty* and *Juszkiewicz*, all of them actually required
2    that there be overlapping underlying wrongful conduct, which is
3    clearly not the case here.

4    The 1998 litigation was brought because there was a
5    California Supreme Court decision and a group of members of
6    SJCERA wanted to determine what pay types are going to be
7    included in other statutory benefit formula.

8    The Allum litigation or the underlying litigation that
9    we've been talking about today is about how SJCERA accounts for
10   its or how it allocates its reserves within the system.

11   Obviously this is not something they would have
12   contemplated when purchasing the insurance, that if they had a
13   statutory benefit piece of litigation that addressed every
14   member of its system that it would be sued 15 years -- 15 years
15   later regarding its methodology for allocating reserves and
16   that it would somehow bar coverage because earlier -- and, of
17   course, that litigation relates to something that's not part of
18   the statutory benefit formula, but how that would then be
19   barred by something from 20 years prior.

20           THE COURT:  Mr. Boos, do you want to respond?
21           MR. BOOS:  I'll be brief, Your Honor.  Thank you.

22   I don't want to rehash all the briefing.  I think most
23   of Mr. Vorhis' arguments have been addressed in the briefing
24   already, you know, I obviously agree with the Court's
25   conclusion with respect to the prior impending exclusion.  I

1    will just say, as I did in the briefing and as Your Honor did,

2    that it is undeniable that the exclusion applies here based on

3    any plain reading of the relevant documents. It's impossible

4    to describe the underlying action without concluding that it

5    falls within the exclusion. It just does.

6         With respect to the inadequate funding exclusion, you

7    know, obviously we disagree with that. We respect the Court's

8    decision, but unless Your Honor has any specific questions for

9    me . . .

10        THE COURT: Okay. No, I don't. I just wanted to give

11   each party an opportunity to make whatever comments you want to

12   make for purposes of the record.

13        In terms of the other claims, let me go through those

14   quickly, given the Court's decision on the duty to defend

15   issue.

16        There is a declaratory relief claim. Travelers is

17   seeking summary judgment on that claim. The claim requests a

18   judicial determination of the retirement association's rights

19   and duties and a declaration that Travelers is obligated to

20   defend the retirement association under the policy for past

21   costs incurred and future costs that will be incurred related

22   to the underlying litigation.

23        The claim fails, as Travelers has argued, fails as a

24   matter of law because the Court has found that the retirement

25   association was not entitled to a defense, the Court's

1    determination that the prior impending exclusion precludes a
2    duty to defend and because of that determination, the
3    declaratory relief claim fails as a matter of law and summary
4    judgment is granted for Travelers on that claim.

5         On the breach of implied covenant of good faith and
6    fair dealing, the retirement association has alleged that
7    Travelers breached this obligation by failing to defend them in
8    the underlying litigation. Travelers has sought summary
9    judgment on this claim.

10        And when there is no duty to defend under the terms of
11   a policy, there can be no action for breach of the implied
12   covenant of good faith and fair dealing because the covenant is
13   based upon the contractual relationship between the insured and
14   the insurer. That's the *Waller v. Truck Insurance Exchange,*
15   *Inc.,* case.

16        Accordingly, because this Court has found that there
17   was no duty to defend, the San Joaquin County Retirement
18   Association's claim for breach of implied covenant of good
19   faith and fair dealing also fails as a matter of law.

20        Even if the Court had determined that Travelers owed a
21   duty to defend, the Court would still find that this claim
22   fails and that summary judgment would be appropriate because it
23   must be demonstrated or shown that Travelers acted unreasonably
24   and without proper cause in its denial of coverage. An insurer
25   must engage in a conscious and deliberate act which unfairly

1   frustrates the agreed common purposes and disappoints the
2   reasonable expectations of the insured. The mistaken
3   withholding of benefits without more is merely a breach of
4   contract, not a breach of the implied covenant of good faith
5   and fair dealing.

6           There is absent from the undisputed facts in this case
7   any facts that would support a claim that Travelers consciously
8   and deliberately acted to unreasonable deny coverage in this
9   case, and for that reason also, the claim would have failed and
10  does fail even if the Court had found that Travelers had a duty
11  to defend.

12          And then finally, there's a punitive damage claim in
13  this case which, given the Court's rulings on the other claims,
14  fails as a matter of law. And again, the Court also finds that
15  there was insufficient evidence of malice, suppression or fraud
16  or that Travelers unreasonably ignored its obligations under
17  the policy in this case.

18          Taking the evidence in light most favorable to the
19  plaintiff, there still would be no legal basis for a jury to
20  award punitive damages under the undisputed facts of this case.
21  So for that reason, summary judgment is granted. On that claim
22  as well, the Court, therefore, grants Travelers' motion for
23  summary judgment in its entirety.

24          Any pretrial dates or trial dates are vacated.
25          Mr. Boos, if you want, I'm not going to prepare a

1    written opinion.  The Court's ruling here in court will stand

2    as the Court's order.  If, for some reason, you want to have an

3    order on file, feel free to prepare one and get approval of the

4    plaintiff as to the form.  But, again, the Court's order here

5    in court stands as the final order.

6                    MR. BOOS:  Thank you, Your Honor.

7                    THE COURT:  Okay.  Thank you all.

8                    MS. VORHIS:  Thank you, Your Honor.

9            (Concluded at 2:32 p.m.)

10

11                         C E R T I F I C A T E

12

13        I certify that the foregoing is a true and correct

14    transcript of the record of proceedings in the above-entitled

15    matter.

16
      _/s/ JENNIFER L. COULTHARD_                    December 14, 2019
17
                                                         DATE
18

19    JENNIFER L. COULTHARD, RMR, CRR
      Official Court Reporter
20

21

22

23

24

25

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF SAN FRANCISCO  )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard, Cooper & Gale, LLP, 600 Montgomery Street, Suite 2600, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**[PROPOSED] ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

> Ashley K. Dunning (e-mail: adunning@nossaman.com)
> James H. Vorhis (e-mail: jvorhis@nossaman.com)
> Aalia Taufiq (e-mail: ataufiq@nossaman.com)
> NOSSAMAN LLP
> 50 California Street, 34th Floor
> San Francisco, CA 94111
> Telephone: (415) 398-3600

[x]      BY CM/ECF ELECTRONIC SERVICE: The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 16, 2020, in San Francisco, California.


_____
Brian Day

3
[PROPOSED] ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT

57309760.v1