UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN COUNTY EMPLOYEES' RETIREMENT ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Defendant. | No.  2:18-cv-02042-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S BILL OF COSTS** |

San Joaquin County Employee's Retirement Association ("SJCERA" or "Plaintiff") filed a lawsuit against Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), for failure to defend SJCERA in a separate underlying action despite purchasing a fiduciary liability insurance ("Policy").  First Am. Compl. ("FAC"), ECF No. 10. Both Plaintiff and Defendant filed Motions for Summary Judgment seeking to adjudicate the claims in their favor.  See Plf's Mot. for Summ. J. ("Mot."), ECF No. 21-1; Def's Cross-Mot. for Summ. J. ("Cross-Mot."), ECF No. 24-1.  The Court granted Defendant's cross-motion for summary judgment and denied Plaintiff's motion

1

for summary judgment, thereby adjudicating the suit in Defendant's favor. See December 10, 2019 Minutes for Motion Hearing, ECF No. 33; see also January 22, 2020 Order ("Order"), ECF No. 44.

As the prevailing party in this action, Defendant seeks to recover costs totaling $13,486.62. Bill of Costs, ECF No. 37 at 1. Plaintiff opposes on the grounds that the requested costs are not recoverable under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Local Rule 292(f) of the Eastern District of California. Objections to Bill of Costs ("Objections"), ECF No. 38 at 2. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendant's Bill of Costs.[1]

## I. OPINION

### A. Legal Standard

Under Federal Rule of Federal Procedure 54(d)(1), the prevailing party is entitled to taxable costs "other than attorney's fees." Fed. R. Civ. Proc. 54(d)(1). Section 1920 enumerates the "other" taxable costs that a federal court may award the prevailing party. 28 U.S.C. § 1920(1)-(6). Eastern District of California Local Rule 292(f) further elaborates on which items are taxable costs in this district. E.D. Cal. L.R. 292(f). Items not listed in Section 1920, can only be recoverable under "explicit statutory or contractual authorization." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 10, 2020.

2

1 | U.S. 437, 445 (1987).
2 |     The prevailing party must serve and file a bill of costs
3 | conforming with 28 U.S.C § 1924, within fourteen (14) days after
4 | entry of judgment.  E.D. Cal. L.R. 292(b).  The party against
5 | whom costs are claimed must file any objections within seven (7)
6 | days from date of service.  Id. at 292(c).
7 |     District courts have discretion in determining whether and
8 | to what extent prevailing parties may be awarded costs.  Ass'n
9 | of Mexican-Am. Educators v. State of California, 231 F.3d 572,
10 | 591 (9th Cir. 2000) (en banc).  But this discretion "is not
11 | unlimited."  Id.  "A district court must specify reasons for its
12 | refusal to award costs."  Id. (internal quotation marks and
13 | citation omitted).  District courts must "explain why a case is
14 | not ordinary and why, in the circumstances, it would be
15 | inappropriate or inequitable to award costs."  Id. at 593
16 | (internal quotations marks and citation omitted).
17 |     SJCERA misleadingly states "[t]he burden is on the
18 | prevailing plaintiffs to establish the amount of compensable
19 | costs and expenses to which they are entitled."  Objections at 1
20 | (citing English v. Colorado Department of Corrections, 248 F. 3d
21 | 1002, 1012-1013 (10th Cir. 2001)).  While the prevailing party
22 | must show the costs are allowable by law and were necessarily
23 | incurred, SCJERA fails to acknowledge that "Rule 54(d)(1)
24 | creates a presumption in favor of awarding costs to the
25 | prevailing party."  Ass'n of Mexican-Am. Educators, 231 F.3d at
26 | 591.  Therefore, the losing party bears the burden of overcoming
27 | this presumption by providing the Court with sufficiently
28 | persuasive reasons to deny costs.  Jones v. County of El Dorado,

No. 2:17-cv-02128-JAM-KJN, 2020 WL 363916, at *1 (E.D. Cal Jan. 22, 2020).

B. Analysis

Travelers claims $13,486.62 in costs. Bill of Costs at 1. SJCERA objects to (1) $6,432.00 costs incurred by Travelers for depositions "unrelated to the preparation of the transcript" and (2) to $105.00 in filing fees by "One Legal, LLC." Objections at 1-3. Because SCJERA does not otherwise object to Travelers' Bill of Costs, the Court's consideration will focus only on these two disputed costs.

1. Video Deposition Costs

Section 1920 allows the Court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 18 U.S.C § 1920(2); see also E.D. Cal. L.R. 292(f)(3). "To recover, the prevailing party must demonstrate that a videotaped copy of the deposition was necessary." Sullivan v. Costco Wholesale Corporation, No. 1:17-cv-00959, 2019 WL 1168531, at *2 (E.D. Cal. March 13, 2019).

SJCERA objects to a number of Travelers' costs associated with video depositions on the grounds that they are "not reasonably necessary" for the preparation of the transcript. Objections at 2. Specifically, SJCERA objects to the following costs, totaling $6,432.00:

- $188.30 for Exhibit Management and Delivery Fee as to the Chopova Deposition. See Decl. of Lau in Support of Bill of Costs ("Lau Decl."), ECF No. 37-1, Exh. E.

- $237.40 for Exhibit Management and Veritext Exhibit Package as to the Travelers 30(b)(6) Deposition. See Id. at Exh. G.

4

- $198.40 for Exhibit Management and Veritext Exhibit Package as to the Ziemann Deposition. See Id. at Exh. I.

- $2,101.61 for Schick Deposition Appearance Fee, Exhibits with Tabs, Exhibits Color, Condensed Transcript, Digital Transcript, Processing and Compliance, Realtime Feed, Realtime Hook-Up, Equipment Rental, Federal Express Costs, Videographer Time, and Handling Fee. See Id. at Exh. F.

- $1,811.46 for SJCERA 30(b)(6) Deposition Appearance Fee, Exhibits with Tabs, Exhibits Color, Condensed Transcript, Digital Transcript, Processing and Compliance, Realtime Feed, Realtime Hook-Up, Equipment Rental, Federal Express Costs, Videographer Time, and Handling Fee. See Id. at Exh. J.

- $2,093.23 for Goracy Deposition Appearance Fee, Exhibits with Tabs, Exhibits Color, Condensed Transcript, Digital Transcript, Processing and Compliance, Realtime Feed, Realtime Hook-Up, Equipment Rental, Federal Express Costs, Videographer Time, and Handling Fee. See Id. at Exh. K.

Objections at 3.

For each of these costs, Travelers asserts "[t]his cost . . . has been necessarily incurred in the case and is allowable by law." Lau Decl. ¶¶ 7-9, 11-13. But Plaintiff otherwise fails to demonstrate these costs were actually necessarily incurred. Courts in this District have declined to award costs when prevailing parties have failed to make such a showing. See e.g., Stokes v. City of Visalia, 2018 WL 4030732, at *9 (E.D. Cal. Aug. 21, 2018) (Declining to award video recording costs because defendant failed to show they were "necessarily obtained for use in this trial, rather than merely for convenience of counsel.") (internal quotations omitted). This Court likewise finds Plaintiff's failure to make such a requisite showing is fatal to the recovery of his video recording costs.

5

Further, as SCJERA points out, many courts have found these extra services not "necessary or authorized by federal law." Objections at 2. For instance, costs for "Real-time," an optional add-on feature for a deposing party to view and annotate transcripts live during a testimony, have been denied for being "not necessary." See Phoenix Technologies Ltd. v. VMWare, Inc., No. 15-cv-01414-HSG, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018); see also TransPerfect Global, Inc. v. MotionPoint Corp., No. C-10-02590, 2014 WL 1364792, at *4 (N.D. Cal. Sept. 30, 2018) (Declining to award "Real-Time" costs for the same reason). The Court thus sustains SJCERA's objections to the following itemized charges as unnecessary: "Exhibits with Tabs," "Exhibits with Color," "Processing and Compliance," "Real-Time Feed," "Real-time Hookup," "Equipment Rental," "Videographer" fees, and "Onsite Document Copying."

In sum, the Court reduces Travelers' "fees for printed or electronically recorded transcripts" from $11,701.20 to $5,269.20.

### 2. "Filing Fees"

SJCERA also objects to the "area surcharge" and "service charge" reflected in the "filing fees" invoices by "One Legal LLC." Objections at 3. These fees amount to $105.00 of the $595.00 in "filing fees" incurred by Travelers." See Bill of Costs at 1; see also Lau Decl. Exhs. B-C.

Section 1920 allows a prevailing party to recover costs for fees to the court clerk, which permits recovery of filing fees. See 28 U.S.C. § 1920(1). However, SJCERA objects on the grounds that these are not actually "filing fees," but rather "services

6

1  paid by Travelers for its own convenience." Id.  SJCERA argues
2  these "service fees" are therefore not recoverable by law.  Id.
3       Indeed, "One Legal, LLC" is an "online litigation support"
4  platform that allows attorneys to "file court documents . . .
5  without leaving [their] desk." See onelegal.com.  As such, One
6  Legal charges "service charges" on top of the actual court filing
7  fee, and "area surcharges" based on the accessibility of the
8  courthouse location.  See Id.  In essence, these fees are charged
9  for the convenience of having "One Legal" file the documents on
10 Travelers behalf.  This is made clear in a "One Legal" invoice,
11 which attaches a separate "Stockton Superior Court" receipt for
12 proof of the $435.00 in court filing fees.  Lau Decl., Exh. B.
13 The other charges do not have attached receipts proving they were
14 charged by the clerk of the court.  See Id.  These convenience
15 charges are therefore not recoverable under Section 1920.
16 Accordingly, the Court reduces Travelers' filing fee costs from
17 $595.00 to $490.00.

## II.   ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Bill of Costs and awards Defendant $6,949.62 in taxable costs.

IT IS SO ORDERED.

Dated: April 14, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7