UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN COUNTY EMPLOYEES' RETIREMENT ASSOCIATION,<br><br>            Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>            Defendant. | Case No. 2:18-cv-02042-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S BILL OF COSTS** |

San Joaquin County Employees' Retirement Association ("Plaintiff") requests $10,492.95 in costs against Travelers Casualty and Surety Company of America ("Defendant") See Bill of Costs, ECF No. 50. Plaintiff seeks costs pursuant to Fed. R. Civ. P. 54(d) and Local Rule 292(f). Id. Defendant objects to these costs, arguing that: (1) Plaintiff's request is premature as judgment has not been entered by the Court; and (2) the costs are not recoverable under 28 U.S.C. § 1920, Rule 54(d), or Local Rule 292(f). See Objs. to Bill of Costs, ECF No. 51. In the alternative, Defendant requests that $2,033.00 in impermissible costs be deducted from Plaintiff's bill of costs. Id.

For the reasons set forth below, the Court DENIES Plaintiff's bill of costs.[1]

## I. BACKGROUND

Plaintiff filed a lawsuit against Defendant for failure to defend Plaintiff in a separate underlying action despite Plaintiff having purchased a fiduciary liability policy from Defendant. See First Am. Compl., ECF No. 10. Both Plaintiff and Defendant filed motions for summary judgment seeking to adjudicate the claims in their favor. See Plf.'s Mot. for Summ. J., ECF No. 21-1; Def.'s Cross-Mot. for Summ. J., ECF No. 24-1. The Court granted Defendant's cross-motion for summary judgment and denied Plaintiff's motion for summary judgment. See December 10, 2019, Hearing Min., ECF No. 33; see also January 22, 2020, Order, ECF No. 44. On January 8, 2020, Plaintiff filed a notice of appeal from the Court's order with the Ninth Circuit Court of Appeals. See Notice of Appeal, ECF No. 40.

On April 8, 2021, the Ninth Circuit reversed the Court's order on the motions for summary judgment and remanded the matter. See U.S.C.A. Memorandum, ECF No. 48. The Ninth Circuit held that the policy's Prior and Pending Proceeding Exclusion does not preclude coverage of Plaintiff's defense in the underlying case. Id. at 2-3. It was, therefore, improper to grant summary judgment in favor of Defendant based upon the Prior and Pending Proceeding Exclusion. Id. at 3. The Ninth Circuit issued its mandate on April 30, 2021. See U.S.C.A. Mandate, ECF No. 49. Accordingly, the reversal of the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 27, 2021.

Court's order and remand of the matter took effect on that date. Id. Plaintiff filed its bill of costs fourteen days later.

## II. OPINION

Under Federal Rule of Civil Procedure 54(d)(1), the prevailing party is entitled to taxable costs "other than attorney's fees." Fed. R. Civ. P. 54(d)(1). Eastern District of California Local Rule 292(b) further specifies that the prevailing party must serve and file a bill of costs conforming with 28 U.S.C. § 1924 within fourteen (14) days after "entry of judgment or order under which costs may be claimed." E.D. Cal. L.R. 292(b). The party against whom costs are claimed must file any objections within seven (7) days from date of service. E.D. Cal. L.R. 292(c).

Plaintiff's bill of costs is premature. Rule 54(d) "speaks in terms of the prevailing party." Woodmen Acc. & Life Ins. Co. v. Bryant, 784 F.2d 1052, 1057 (10th Cir. 1986). Thus, "it is generally understood that the appropriate time for taxing costs is after a decision has been reached in the action." Id. (internal quotation marks and citation omitted). The time for taxing costs "begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues." Id. (emphasis added). "To hold otherwise would unnecessarily complicate matters." Id.

The Ninth Circuit's reversal and remand did not constitute entry of a final judgment. On the contrary, it sent the matter back to the Court for further proceedings. While Plaintiff has prevailed in its appeal of the Court's grant of summary judgment in favor of Defendant, neither party has yet prevailed in the matter

3

as a whole or had a final judgment entered in its in favor. In short, Plaintiff has jumped the gun. The party that ultimately prevails in this matter may file a bill of costs upon entry of <u>final</u> judgment by <u>this</u> Court. Because Plaintiff's bill of costs is premature, the Court need not address Defendant's additional opposing arguments.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's bill of costs WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 27, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE